UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIE WARREN,

      Petitioner,

v.                                3:02-cr-131
                                  3:07-cv-467

UNITED STATES OF AMERICA,

      Respondent.

## **MEMORANDUM AND ORDER**

The petitioner has filed a motion to vacate, set aside or correct sentence pursuant to

28 U.S.C. § 2255.  Petitioner alleges he received ineffective assistance of counsel when his

attorney failed to timely send him a copy of the Sixth Circuit's order on December 14, 2006,

which denied petitioner relief on appeal.  Petitioner has submitted written proof that his

attorney did not send him his copy of the Sixth Circuit's opinion until November 29, 2007;

according to petitioner, he received the copy on December 6, 2007.

Petitioner acknowledges the one-year statute of limitation for filing a § 2255 motion,

but states that he was not able complete his § 2255 motion by December 14, 2007.  He seeks

an extension of time to file the § 2255 motion until December 6, 2008, which would be one

year from the date he received his copy of the Sixth Circuit's opinion.

This court lacks jurisdiction to extend the statute of limitation. *See Reed v. United States*, 13 Fed.Appx. 311, 2001 WL 700811 (6th Cir. June 15, 2001). "Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion." *Id.* at *2 (citing *United States v. Leon*, 203 F.3d 162, 163-64 (2d Cir. 2000); *In re Application of Wattanasiri*, 982 F. Supp. 955, 957-58 (S.D.N.Y. 1997)).

Nevertheless, the court notes that petitioner has calculated the statute of limitation's time period incorrectly. The Sixth Circuit's mandate issued on February 14, 2007, and petitioner had 90 days from that date within which to file a petition for certiorari in the U.S. Supreme Court. The judgment of conviction did not become final, and the one-year statute of limitation did not commence to run, until the expiration of the 90 days. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Petitioner thus has until May 14, 2008, to file his completed § 2255 motion.

**ENTER:**

s/ Leon Jordan
United States District Judge